UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT
------------------------------------------------------------X
JUAN CARLOS APONTE,

      Plaintiff,      Docket No.: _____

V.               NOTICE OF REMOVAL
               OF ACTION PURSUANT
A&A MAINTENANCE ENTERPRISE, INC.,  TO 28 U.S.C. 1441
               **(FEDERAL QUESTION)**
      Defendant.
------------------------------------------------------------X

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1331 and 1441, Defendant A&A Maintenance Enterprise, Inc. ("A&A"), hereby gives notice of the removal of the above-captioned action from the Superior Court of the State of Connecticut, Judicial District of Stamford. The grounds for removal are as follows:

**State Court Action**

1. Plaintiff Juan Carlos Aponte ("Plaintiff") filed a Complaint against Defendant in the Superior Court of the State of Connecticut, captioned as *Juan Carlos Aponte v. A & A Maintenance Enterprise, Inc*, FST-cv-15-6026826-S. A copy of the Plaintiff's Summons and Complaint is attached hereto as Exhibit A.

2. Defendant accepted service on October 21, 2015.

3. No other proceedings have been held in the Superior Court of the State of Connecticut, and the Summons and Complaint constitute all processes and pleadings served upon Defendant.

**Nature of the Action in the Complaint**

4.      In the Complaint, Plaintiff alleges that he was terminated because of his disability in violation of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12101, resulting in mental and emotional distress. Also as a result of the termination, Plaintiff alleges that he was defamed. Finally, Plaintiff alleges that he was not properly compensated under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201.

**Basis for Removal**

5.      Section 1441(a) of Title 28 of the United States Code provides in relevant part that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant . . . to the district court of the United States for the district and division embracing the place where such action is pending."

6.      Section 1441(b) of Title 28 provides that:

> [a]ny civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties.

28 U.S.C. § 1441(b).

7.      Under these standards, this action is removable to this Court pursuant to Section 1441 because the Court has original jurisdiction over the matter as the action arises under the laws of the United States.

**Federal Question Jurisdiction**

8.      Section 1331 of Title 28 provides that federal district courts "shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. When deciding "whether a federal cause of action is present in a state

court Complaint, a federal court examines whether the 'well pleaded complaint' relies on a federal question." *Pastures v. Allied Barton Sec. Servs.,* No. 11 Civ. 2364, 2011 U.S. Dist. LEXIS 151782, *1-2 (S.D.N.Y. May 24, 2011) (citing *Beneficial Nat'l. Bank v. Anderson,* 539 U.S. 1, 6, (2003)).

9. Here, on the face of his Complaint, Plaintiff explicitly alleges violations of and seeks remedies pursuant to the ADA and the FLSA, ¶ 2, 4, 12-19, 23-25. Defendant may therefore remove this action pursuant to 28 U.S.C. § 1441. *West 14th Street Commercial Corp. v. West 14th Street Laundry Corp.,* 815 F.2d 188, 192 (2nd Cir. 1987) (holding that if a "federal law creates the cause of action ... federal question jurisdiction exists.")

**Supplemental Jurisdiction**

10. Plaintiff's remaining causes of action are claims over which this Court may properly exercise supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a), because they form part of the same case or controversy as the claims over which this Court would have original jurisdiction.

**Venue**

11. The United States District Court for the District of Connecticut is the judicial district embracing the place where the State Court action was brought and is pending, and therefore is the proper district court to which this case should be removed.

**All Defendants Consent to Removal**

12. Pursuant to 28 U.S.C. § 1446 (b)(2)(A), the sole Defendant has consented to this removal action.

**Timeliness of Notice of Removal**

13. This Notice of Removal is timely filed within 30 days after the receipt by Defendant of a copy of the Summons and Complaint.

**State Court Pleadings**

14. Pursuant to 28 U.S.C. § 1446(a), Defendant is simultaneously filing copies of all process, pleadings, and orders existing on file in the State court in this removed action. Further, pursuant to 28 U.S.C. § 1446(d), Defendant filed a true and correct copy of this Notice of Removal with the Clerk of the Superior Court of Connecticut, Judicial District of Stamford. True and correct copies of the foregoing documents are attached hereto as Exhibit B.

15. By filing a Notice of Removal in this matter, Defendant does not waive its right to assert any and all defenses and/or objections in this case.

16. The undersigned is counsel for and is duly authorized to effect removal on behalf of Defendant.

WHEREFORE, Defendant respectfully requests that this action be removed from the Superior Court of the State of Connecticut, Judicial District of Stamford, and that this Court take jurisdiction over further proceedings.

Dated: November 6, 2015

Joseph P. Eriole, Esq.
The Eriole Law Firm
4 Carroll Lane
New Paltz, NY 12561
(845) 417-4267

*Attorneys for Defendant*

Exhibit A

**SUMMONS - CIVIL**
JD-CV-1 Rev. 10-15
C.G.S. §§ 51-346, 51-347, 51-349, 51-350, 52-45a,
52-48, 52-259, P.B. §§ 3-1 through 3-21, 8-1, 10-13

STATE OF CONNECTICUT
**SUPERIOR COURT**
www.jud.ct.gov



See other side for instructions

☐ "X" if amount, legal interest or property in demand, not including interest and costs is less than $2,500.
☒ "X" if amount, legal interest or property in demand, not including interest and costs is $2,500 or more.
☐ "X" if claiming other relief in addition to or in lieu of money or damages.

TO: Any proper officer; BY AUTHORITY OF THE STATE OF CONNECTICUT, you are hereby commanded to make due and legal service of this Summons and attached Complaint.

| Address of court clerk where writ and other papers shall be filed (Number, street, town and zip code) (C.G.S. §§ 51-346, 51-350) | Telephone number of clerk (with area code) | Return Date (Must be a Tuesday) |
|---|---|---|
| 123 Hoyt Street, Stamford, 06905 | ( 203 ) 965-5308 | 12 / 01 / 2015 |

| ☒ Judicial District   ☐ G.A. Number: | At (Town in which writ is returnable) (C.G.S. §§ 51-346, 51-349) | Case type code (See list on page 2) |
|---|---|---|
| ☐ Housing Session | Stamford | Major: M   Minor: 90 |

For the Plaintiff(s) please enter the appearance of:

| Name and address of attorney, law firm or plaintiff if self-represented (Number, street, town and zip code) | Juris number (to be entered by attorney only) |
|---|---|
| David J. Wenc, Three Regency Drive, Bloomfield, CT 06002 | 067314 |

Telephone number (with area code): ( 860 ) 242-2221

Signature of Plaintiff (if self-represented):

The attorney or law firm appearing for the plaintiff, or the plaintiff if self-represented, agrees to accept papers (service) electronically in this case under Section 10-13 of the Connecticut Practice Book.   ☒ Yes   ☐ No

Email address for delivery of papers under Section 10-13 (if agreed to): DWenc@ctattys.com

Number of Plaintiffs: 1   Number of Defendants: 1   ☐ Form JD-CV-2 attached for additional parties

| Parties | Name (Last, First, Middle Initial) and Address of Each party (Number; Street; P.O. Box; Town; State; Zip; Country, if not USA) | |
|---|---|---|
| First Plaintiff | Name: APONTE, JUAN CARLOS<br>Address: 90 COURTLAND AVENUE, STAMFORD, CT 06902-3423 | P-01 |
| Additional Plaintiff | Name:<br>Address: | P-02 |
| First Defendant | Name: A & A MAINTENANCE ENTERPRISE, INC.<br>Address: c/o ARMANDO RODRIGUEZ, President, 965 MIDLAND AVE., YONKERS, NY 10704 | D-01 |
| Additional Defendant | Name:<br>Address: | D-02 |
| Additional Defendant | Name:<br>Address: | D-03 |
| Additional Defendant | Name:<br>Address: | D-04 |

**Notice to Each Defendant**

1. YOU ARE BEING SUED. This paper is a Summons in a lawsuit. The complaint attached to these papers states the claims that each plaintiff is making against you in this lawsuit.
2. To be notified of further proceedings, you or your attorney must file a form called an "Appearance" with the clerk of the above-named Court at the above Court address on or before the second day after the above Return Date. The Return Date is not a hearing date. You do not have to come to court on the Return Date unless you receive a separate notice telling you to come to court.
3. If you or your attorney do not file a written "Appearance" form on time, a judgment may be entered against you by default. The "Appearance" form may be obtained at the Court address above or at www.jud.ct.gov under "Court Forms."
4. If you believe that you have insurance that may cover the claim that is being made against you in this lawsuit, you should immediately contact your insurance representative. Other action you may have to take is described in the Connecticut Practice Book which may be found in a superior court law library or on-line at www.jud.ct.gov under "Court Rules."
5. If you have questions about the Summons and Complaint, you should talk to an attorney quickly. The Clerk of Court is not allowed to give advice on legal questions.

| Signed (Sign and "X" proper box) | ☒ Commissioner of the Superior Court  ☐ Assistant Clerk | Name of Person Signing at Left | Date signed |
|---|---|---|---|
| /s/ | | DAVID J. WENC | 10/19/2015 |

If this Summons is signed by a Clerk:
a. The signing has been done so that the Plaintiff(s) will not be denied access to the courts.
b. It is the responsibility of the Plaintiff(s) to see that service is made in the manner provided by law.
c. The Clerk is not permitted to give any legal advice in connection with any lawsuit.
d. The Clerk signing this Summons at the request of the Plaintiff(s) is not responsible in any way for any errors or omissions in the Summons, any allegations contained in the Complaint, or the service of the Summons or Complaint.

For Court Use Only
File Date

| I certify I have read and understand the above: | Signed (Self-Represented Plaintiff) | Date | Docket Number |
|---|---|---|---|

(Page 1 of 2)

STATE OF CONNECTICUT

| | |
|---|---|
| JUAN CARLOS APONTE,<br>          Plaintiff,<br><br>Vs.<br><br>A & A MAINTENANCE ENTERPRISE, INC.,<br><br>          Defendant | Return Date: DECEMBER 1, 2015<br><br>**COMPLAINT & JURY DEMAND** |

Now comes Plaintiff, by and through his counsel, and for Complaint with Release of CHRO Jurisdiction against the Defendant, states as follows:

### I.  PARTIES AND JURISDICTION

1. At all times relevant hereto, Plaintiff, JUAN CARLOS APONTE, has resided in the City of Stamford and State of Connecticut.

2. At all times relevant hereto, Defendant, A & A MAINTENANCE ENTERPRISE, INC., a corporation licensed in the State of New York and doing business in the State of Connecticut, is and, at all times mentioned herein, was an employer within meaning of the Americans with Disabilities Act (ADA), the Fair Labor Standards Act (FLSA) and the State of Connecticut Wage & Hour laws.

3. At all times relevant hereto, the defendant employs more than 15 persons.

### II. STATEMENT OF FACTS RELEVANT TO ALL CLAIMS

4. Plaintiff, JUAN CARLOS APONTE, is a qualified individual with a disability within the meaning of the Americans with Disabilities Act of 1990 "ADA".

5. On or about February 10, 2014, Defendant hired Plaintiff as an employee.

COMPLAINT & JURY DEMAND - 1

6. On or about November 21, 2014, Plaintiff injured his back while unpacking supplies and boxes. He advised his supervisor, Operations Manager Ernesto Aguilar (hereinafter referred to as "Aguilar"), of the injury. However, Aguilar ignored the plaintiff.

7. On or about November 24, 2014, Plaintiff went to the emergency room at Stamford Hospital due to lower back pain he experienced as a result of unpacking supplies and boxes on or about November 21, 2014.

8. On or about November 24, 2014, plaintiff advised Aguilar that he would not be able to work that day.

9. On or about November 25, 2014, plaintiff underwent further testing at Stamford Hospital. After completion of the testing, the plaintiff was informed that he would be unable to return to work for a period of time because of his lower back condition.

10. Plaintiff advised Aguilar about the lower back condition. In addition, sought an accommodation that might have allowed him to continue working during the time he experienced lower back pain.

11. However, the defendant refused to reasonably accommodate Plaintiff and refused to allow Plaintiff to return to work. Instead, the defendant terminated the plaintiff because of his disability.

## COUNT ONE: DISABILITY DISCRIMINATION

12. Paragraphs 1-11 of the Complaint are hereby incorporated as paragraphs 1-11 of the First Count as though stated in full.

13. From the time of his injury to the day of his termination, Plaintiff was capable of performing the duties of several available suitable positions at the Defendant's facilities.

14. From the time of his injury to the day of his termination, Plaintiff attempted to be placed in available suitable positions at the Defendant's facilities.

15. During such time, Defendant continually, intentionally, and in a discriminatory manner refused to allow Plaintiff to return to his former position or any other position because of his disability.

16. Defendant's November 2014, termination of Plaintiff was not based on any medical justification and was discriminatory as to Plaintiff. Defendant terminated Plaintiff because of his disability.

17. Such an adverse employment action by the Defendant was in violation of the ADA.

18. Following Defendant's termination of Plaintiff, Plaintiff has reason to believe that he was replaced by a non-disabled individual.

19. As a result of Defendant's actions, Plaintiff has suffered irreparable injuries, including but not limited to loss of pay, benefits and other economic losses, emotional pain and suffering, mental anguish, humiliation, embarrassment, personal indignity and other intangible injuries for all of which he should be compensated.

### COUNT TWO: MENTAL & EMOTIONAL DISTRESS

20. Paragraphs 1-19 of the First Count are hereby incorporated as paragraphs 1-19 of the Second Count as though stated in full.

21. Defendants' actions described herein were intentional and inflicted upon Plaintiff severe mental and emotional distress.

22. As a result of Defendants' actions, Plaintiff has suffered irreparable injuries, including but not limited to loss of pay, benefits and other economic losses, emotional pain and suffering, mental anguish, humiliation, embarrassment, personal indignity and other intangible injuries for all of which he should be compensated.

### COUNT THREE: WAGE & HOUR VIOLATION

23. Paragraphs 1-22 of the Second Count are hereby incorporated as paragraphs 1-22 of the Third Count as though stated in full.

COMPLAINT & JURY DEMAND - 3

24. During the course of plaintiff's employment with the defendant, the defendant failed to pay overtime at 1½ times the regular hourly rate for all time worked by the plaintiff over 40 hours in a workweek.

25. As a result of Defendant's actions, Plaintiff has suffered irreparable injuries, including but not limited to loss of pay, benefits and other economic losses, emotional pain and suffering, mental anguish, humiliation, embarrassment, personal indignity and other intangible injuries for all of which he should be compensated.

### COUNT FOUR: DEFAMATION

26. Paragraphs 1-25 of the Third Count are hereby incorporated as paragraphs 1-25 of the Fourth Count as though stated in full.

27. On or about November 30, 2014, the plaintiff was employed by the Target store.

28. On or about November 30, 2014, Aguilar left a voice mail message for the plaintiff. Aguilar stated that the plaintiff needed to sign some "papers" regarding his termination from the defendant. Aguilar threatened that if the plaintiff did not call back, he would contact the Target store and get the plaintiff's hours reduced.

29. The plaintiff did not sign the papers Aguilar wanted him to sign.

30. Thereafter, Target reduced the plaintiff's work hours.

31. As a result of Defendant's actions, Plaintiff has suffered irreparable injuries, including but not limited to loss of pay, benefits and other economic losses, emotional pain and suffering, mental anguish, humiliation, embarrassment, personal indignity and other intangible injuries for all of which he should be compensated.

WHEREFORE, the plaintiff respectfully requests the following relief:

COMPLAINT & JURY DEMAND - 4

1. Actual damages, pursuant to Conn. Gen. Stat. Sec., 42-110g(a) in the amount of $15,000 or more, exclusive of interest and costs;
2. Punitive damages;
3. Reasonable attorneys' fees and costs; and
4. Such other legal or equitable relief that the Court may deem appropriate.

Dated this 19th day of October, 2015

/S/ DAVID J. WENC
David J. Wenc
Juris #067314
Baram, Tapper & Gans, LLC
Three Regency Drive
Bloomfield, CT 06002
Tel. (860) 242-2221
Fax: (860) 286-0185
DWenc@ctattys.com

# STATE OF CONNECTICUT
## COMMISSION ON HUMAN RIGHTS AND OPPORTUNITIES

Juan Carlos Aponte
**COMPLAINANT**

CHRO No. 1520417

vs.

A&A Maintenance Enterprise Inc.
**RESPONDENT**

EEOC No. 16A-2014-00954

## RELEASE OF JURISDICTION

The Commission on Human Rights and Opportunities hereby releases its jurisdiction over the above-identified complaint. The Complainant is authorized to commence a civil action in accordance with CONN. GEN. STAT. § 46a-100 against the Respondent in the Superior Court for the judicial district in which the discriminatory practice is alleged to have occurred or in which the Respondent transacts business. If this action involves a state agency or official, it may be brought in the Superior Court for the judicial district of Hartford.

A copy of any civil action brought pursuant to this release must be served on the Commission at 25 Sigourney Street, Hartford, CT 06106 at the same time all other parties are served. THE COMMISSION MUST BE SERVED BECAUSE IT HAS A RIGHT TO INTERVENE IN ANY ACTION BASED ON A RELEASE OF JURISDICTION PURSUANT TO CONN. GEN. STAT. § 46a-103.

The Complainant must bring an action in Superior Court within 90 days of receipt of this release and within two years of the date of filing the complaint with the Commission unless circumstances tolling the statute of limitations are present.

July 24, 2015
DATE

Tanya A. Hughes, Executive Director

cc: Juan Carlos Aponte, via email: japonte47@gmail.com
    Perry S. Heidecker, Esq., via email: perryheidecker@mllaborlaw.cm

Exhibit B

SUPERIOR COURT FOR THE STATE OF CONNECTICUT
JUDICIAL DISTRICT OF STAMFORD
-----------------------------------------------------------------X
JUAN CARLOS APONTE,

                Plaintiff,            Case No.: FST-cv-15-6026826-S

V.

A&A MAINTENANCE ENTERPRISE, INC.,

                Defendant.
-----------------------------------------------------------------X

## NOTICE OF FILING OF NOTICE OF REMOVAL OF ACTION TO THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF CONNECTICUT

TO:    Clerk of the Superior Court
        Superior Court of Connecticut
        Stamford Judicial District
        123 Hoyt Street
        Stamford, CT 06905

**PLEASE TAKE NOTICE THAT,** on this date, Defendant A&A Maintenance Enterprise, Inc. ("Defendant"), filed a Notice of Removal, a copy of which is annexed hereto, removing the above-captioned action from the Superior Court of the State of Connecticut to the United States District Court for the District of Connecticut.

**PLEASE TAKE FURTHER NOTICE** that Defendant, upon filing the Notice of Removal in the office of the Clerk of the United States District Court for the District of Connecticut, hereby files a copy thereof with the Clerk of the Superior Court of Connecticut, Judicial District of Stamford, to effect removal pursuant to 28 U.S.C. §§ 1331 and 1441. The Superior Court of Connecticut, Judicial District of Stamford may not proceed further with the above-captioned case.

Dated: November 6, 2015

                                        Joseph P. Eriole, Esq.
                                        The Eriole Law Firm
                                        4 Carroll Lane
                                        New Paltz, NY 12561
                                        (845) 417-4267

                                        *Attorneys for Defendant*